MEMORANDUM *
Defendant Rahsaan Tahid Moore appeals his sentence, arguing that because his offenses had fewer than ten victims the district court erred by applying an enhancement under U.S.S.G. § 2B1.1 (b) (2) (A) (i). “This court reviews the district court’s interpretation of the Sentencing Guidelines de novo, the district court’s application of the Sentencing Guidelines to the facts of [the] case for abuse of discretion, and the district court’s *17 factual findings for clear error.” United States v. Kimbrew, 406 F.3d 1149, 1151 (9th Cir.2005). We vacate and remand for resentencing because, in light of the district court’s determination of loss under § 2Bl.l(b)(l), and limited by the arguments raised by the Government to that court, we cannot conclude that Moore’s crimes had at least ten victims.
I.
Individuals cannot be counted as victims for the purposes of U.S.S.G. § 2B1.1(b)(2)(A) unless the losses they suffered were “part of’ the district court’s determination of loss under § 2Bl.l(b)(l). See U.S.S.G. § 2B1.1 app. n. 1 (defining “victim” as “any person who sustained any part of the actual loss determined under subsection (b)(1) ”) (emphasis added); United States v. Leach, 417 F.3d 1099, 1106-07 (10th Cir.2005). The district court’s determination of loss is not clear from the record. It appears to have been either $543,959.26, the amount of loss reflected in the restitution order, or $565,347.93, the amount reflected in the plea agreement.[1] Either figure reflects only the direct losses — i.e., the value of the stolen funds — incurred as a result of Moore’s offenses. Because these figures do not include the incidental losses described in the Victim Impact Statements, no individual can constitute a “victim” on the basis of such losses, regardless of whether they are of the type that is cognizable under § 2B1.1. Leach, 417 F.3d at 1106-07.[2]
*18 II.
The remaining question is whether the number of victims equals or exceeds ten when only direct losses are considered. Addressing only the arguments raised by the Government in the district court, we hold that the number of victims would be less than ten, and that the district court therefore erred in enhancing Moore’s sentence pursuant to § 2Bl.l(b)(2)(A)(i).
To avoid double-counting, the individual account owners and the banks who reimbursed them cannot both be victims on the basis of the same stolen funds. See United States v. Yagar, 404 F.3d 967, 971 (6th Cir.2005). A choice must be made between these two groups in counting victims. The number would easily exceed ten if the individual account owners were deemed the victims of the direct losses, but the Government did not advocate that method of counting to the district court. We are unable, therefore, to consider that argument in this appeal. United States v. Almazan-Becerra, 482 F.3d 1085, 1090 (9th Cir.2007). Counting only the banks, the number of victims would be less then ten because only seven banks were adversely affected by Moore’s conduct.
Sentence VACATED; REMANDED for resentencing.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Contrary to the dissent's assertion, see Dissent at 19, we do not cite these figures on the understanding that the calculation of loss for sentencing is governed by the amount of restitution, or by the amount of loss reflected in the plea agreement. Rather, the figures in the restitution order and the plea agreement are relevant in this appeal only because they appear to have been chosen by the district court as the basis for the loss determination under U.S.S.G. § 2B1.1(b)(1).
We also disagree with the dissent's interpretation of the district court's decision to rule “in favor of the government in terms of the amount of loss and ... the number of victims.” See Dissent at 19-20. Read alone, it is unclear whether the ruling on the amount of loss included incidental losses. But attention to context resolves this lack of clarity: Only minutes before the district court ruled in the government’s favor, the Assistant U.S. Attorney stated: "[I]n figuring the loss I have used only the loss on the accounts that are mentioned in the plea agreement." (emphasis added). Defense counsel then confirmed that the government’s recommended loss determination did not include incidental losses. Discussing the application of § 2B1.1(b)(1), counsel stated, “I don't think there’s any way to nail ... down ... a precise figure ... [b]ut I would suggest that the government ... figure [of] $544,000 ... is a staggering number.” (emphasis added). This figure paralleled the amount of loss depicted in the restitution order, an order which, like the plea agreement, did not reflect any incidental losses. Each of these quoted statements suggests that, at least at the sentencing hearing, the government advocated a loss determination under § 2B1.1(b)(1) that did not include incidental losses.
The dissent relies on the government’s sentencing memorandum to contend that the district court must have included incidental losses in its determination of loss under § 2B1.1 (b)( 1). Yet no one ever mentioned the loss figure contained in the government’s sentencing memorandum during the sentencing hearing, so it is doubtful that the district court was adopting that figure, rather than one of the figures discussed by the parties only minutes before, in ruling "in favor of the government.” We believe the best interpretation of the record is that, by ruling for the government, the district court ruled in favor of the positions advanced by the government at the same hearing in which the ruling was made. With respect to the amount of loss, that amounted to a determination of loss of either $565,347.93 or $543,959.26.

. We find the dissent’s attempt to distinguish Leach unpersuasive. Although the district court in Moore’s case did not explicitly identify an actual-loss figure that clearly precluded *18 certain individuals from being counted as victims, the district court did rale “in favor of the government” on the amount of loss, and, only minutes before, both parties had described the government’s recommended loss determination as corresponding with figures that did not include incidental losses. Given the combination of those facts and the rule that individuals cannot be counted as victims unless the losses they suffered were "part of” the determination under § 2B 1.1 (b)(1), it is apparent here, as in Leach, that the loss determination necessarily excluded certain individuals from the calculation of the number of victims. See 417 F.3d at 1106-07.